976 So.2d 732 (2008)
Jeardine DANIELS
v.
DEPARTMENT OF POLICE.
No. 2007-CA-1165.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 2008.
Frank G. Desalvo, Desalvo Desalvo & Blackburn, APLC, New Orleans, LA, for Plaintiff/Appellee.
Penya Moses-Fields, City Attorney, Joseph V. Dirosa, Jr., Chief Deputy City Attorney, Victor L. Papai, Jr., Assistant City Attorney, Heather M. Valliant, Assistant City Attorney, New Orleans, LA, for Defendant/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES and Judge LEON A. CANNIZZARO JR.).
JOAN BERNARD ARMSTRONG, Chief Judge.
The Department of Police for the City of New Orleans (hereinafter "Police Department") seeks review of the decision of the Civil Service Commission (hereinafter "Commission") ordering the reinstatement of Officer Jeardine Daniels with all back pay and emoluments of office. For the reasons which follow, we vacate the judgment and remand to the Commission.
Officer Daniels attained the level of Police Officer IV with permanent status by the time Hurricane Katrina struck the City of New Orleans. The Police Department charged her with failing to report for duty on or about August 28, 2005. Testimony revealed that she was on limited duty prior to Hurricane Katrina due to an injury to her knee. Thereafter, the Department dropped Daniels from the rolls of the New Orleans Police Department effective October 29, 2005 without holding a pre-termination hearing.
Officer Daniels appealed to the Commission. The Commission ruled in her favor, based on a finding that the Police Department failed to grant her a pre-termination hearing, including notice and an opportunity to be heard, prior to the imposition of discipline. The Commission ordered the Police Department to reinstate Officer Daniels with back pay and all emoluments of office as of October 29, 2005. The Commission limited the back pay and emoluments to the period occurring after *733 February 6, 2006. The Commission held open the issue of back pay and emoluments of office for the period between August 30, 2005 and February 6, 2006, as Officer Daniels was undergoing medical treatment during that period and was unavailable for duty.
In Reed v. Dept. of Police, XXXX-XXXX, p. 1 (La.App. 4 Cir. 10/10/07), 967 So.2d 606, this Court ruled en banc that Hurricane Katrina, with its effects upon the City of New Orleans and its government, was an extraordinary event such that the Police Department could discipline its officers without a pre-termination hearing. This Court further held that under the unique circumstances presented, a post-termination hearing which allows the accused officer an opportunity to present all relevant evidence which would have been introduced at a pre-termination hearing satisfies the due process requirements of both the United States and Louisiana Constitutions. This Court vacated the decision of the Commission and ordered the Commission to receive from the parties such additional evidence as necessary to appropriately resolve the matter on the merits. Id. at p. 6.
Therefore, as we did in Reed, we remand this case to the Civil Service Commission for them to receive from the parties such additional evidence as necessary to appropriately resolve the case and to render a judgment on the merits. In that regard, the Civil Service Commission is specifically instructed to permit each of the parties to introduce at the post-termination hearing such additional evidence as they might have provided to the appointing authority at a pre-termination hearing if same had been afforded.
The right of each party to appeal a new subsequent judgment of the Civil Service Commission following its ruling on the merits of each case is preserved.
JUDGMENT VACATED; REMANDED WITH INSTRUCTIONS.